IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

SHARON CHRISTINE GUY, )
)
v. ) No. 2:06-0065
)
MICHAEL J. ASTRUE, )
    Commissioner of Social Security[1] )

TO:     Honorable John T. Nixon, Senior District Judge

**REPORT AND RECOMMENDATION**

The plaintiff filed this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of the Social Security Administration, denying the plaintiff's claims for a period of disability and Disability Insurance Benefits ("DIB") as provided by the Social Security Act.

The plaintiff filed her complaint with this Court on August 14, 2006. On September 26, 2006, prior to the due date for the filing of the defendant's answer, the plaintiff filed a motion to remand pursuant to sentence four of section 405(g). (Docket Entry No. 9.) The government filed a response on October 31, 2006. (Docket Entry No. 16.)

---

[1] Michael J. Astrue is automatically substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R. Civ. P. 25(d)(1).

1

The government has also filed the certified transcript (Docket Entry No. 15) and an answer (Docket Entry No. 17).

**I. BACKGROUND**

The plaintiff is a 41-year-old woman with a high school education and past work as a seamstress, cashier, and stock person. (Tr. 18.) The plaintiff alleged disability due to back and neck pain and bilateral carpal tunnel syndrome, and she stopped working on October 31, 2001. (Tr. 18, 89.) The plaintiff filed an application for DIB on December 11, 2001. (Tr. 88-103.) On January 22, 2004, a hearing was held before Administrative Law Judge ("ALJ") William F. Taylor. (Tr. 333.) The plaintiff was present at the hearing, but she was not represented by an attorney. *Id.* Her claim was denied initially, but upon consideration by the Appeals Council, her claim was remanded for further proceedings. (Tr. 44-50, 32-34.) She then received a hearing before ALJ Robert Erwin, and at this hearing, the plaintiff was represented by counsel. (Tr. 349.) ALJ Erwin subsequently issued a decision again denying benefits. (Tr. 14-25.) The plaintiff obtained new counsel, requested review of the decision denying benefits, and submitted additional evidence. (Tr. 12-13, 3-8.) On July 21, 2006, the Appeals Council denied the plaintiff's request for review of the ALJ's decision, rendering the decision of the ALJ the final decision of the agency. (Tr. 9-11.)

2

## II. DISCUSSION

In her motion, the plaintiff seeks remand to the agency for the consideration of additional evidence submitted to the Appeals Council but not considered by the ALJ. The Appeals Council received additional evidence consisting of several items: a certificate to return to work on March 16, 2000, from Dr. Kenneth Colburn;[2] a report from Dr. Vaughan Allen, dated June 18, 1997;[3] a report from Dr. Phillip Rosenthal, dated June 24, 2003;[4] a report from Dr. Sivalingam Kanagasegar, dated November 7, 2005;[5] medical records of Dr. Colburn from March 11, 1997, through October 25, 1999;[6] and the transcript of

---

[2] Dr. Colburn's 2000 note indicated that the plaintiff could return to work almost full-time, working thirty hours per week, not lifting over ten pounds. (Tr. 304.)

[3] The late-submitted statement from Dr. Allen, dated June 1997, is a brief letter explaining that an MRI showed no cord or root compression of the plaintiff's spine, proposing outpatient physical therapy, and not recommending surgery. (Tr. 305.) Although the ALJ did not have the June 1997 letter at the time of his decision, he discussed the plaintiff's treatment by Dr. Allen, and his recommendation of no surgery. (Tr. 20.)

[4] Dr. Rosenthal's June 2003 report noted a disc bulge visible on an April 2003 MRI, but unremarkable neurological exam results. He suggested that a CT cervical myelogram be performed to further evaluate the plaintiff's condition. It is unclear from the record whether the additional CT scan was ever done. (Tr. 307-08.)

[5] Dr. Kanagasegar's late-submitted progress note discussed the plaintiff's insomnia and the plaintiff's reports of pain at 6 out of 10. He recommended additional medications, weight loss, and exercise and suggested that she follow up in three months. (Tr. 309.)

[6] The late-submitted medical records of Dr. Colburn are relatively old, dating from March 1997 to October 1999. The official record already contains the more recent records of Dr. Colburn, dating from March 1999 to December 2001, November 2002 to October 2003, and February 2004 to June 2005, which were timely submitted and considered throughout the administrative process. (Tr. 5, 7, 187-214, 248-59, 295-303.)

3

Dr. Colburn's deposition, taken on February 2, 2006. (Tr. 320-32.) In her complaint, the plaintiff requests that her case be remanded specifically to consider the deposition of Dr. Colburn. Docket Entry No. 1. In her motion for remand, the plaintiff seeks remand for consideration of "additional evidence submitted to the . . . Appeals Council," and specifically "in order for the agency to consider the expert medical testimony of the plaintiff's treating physician." Docket Entry No. 9. The government primarily focuses its arguments in opposition on the sworn statement of Dr. Colburn. *See* Docket Entry No. 16. The Court has also focused on the issue of Dr. Colburn's deposition, though the analysis of the propriety of considering the deposition applies with equal force and logic to each of the other late-submitted items.[7]

### A. The Relevant Statutory Standard

There is some confusion, born primarily of the contents of the plaintiff's complaint and motion, and to some degree, the government's catch-all response, as to whether the plaintiff is asking for remand under sentence four or sentence six of § 405(g) of the statute.[8]

---

[7]Specifically, the other late-submitted evidence described in footnotes 2-6 is cumulative, and that which is not cumulative simply does not meet the "new and material" standard described in Part A, *infra*.

[8]The plaintiff's complaint seeks relief in the form of a sentence six remand, but the plaintiff's actual motion for remand couches the argument entirely in terms of sentence four and makes no mention of sentence six. The defendant's response addresses both.

4

The distinction is important. A sentence four remand follows a review of the merits of the administrative decision and results from the identification of some defect in the administrative decision. A sentence six remand does not involve any review of the merits of the administrative determination and results from the identification of new and material evidence which, for good cause, was not submitted during the administrative proceedings. *See Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 175 (6th Cir. 1994). Because the motion currently before this Court specifically concerns new evidence submitted to the Appeals Council, but not considered by the ALJ and not part of the official record, it is most properly construed as a motion for remand under sentence six, not sentence four. *See, e.g., Foster v. Halter*, 279 F.3d 348, 357-58 (6th Cir. 2002) (holding that evidence submitted in support of an unsuccessful request for Appeals Council review cannot be considered in determining whether the ALJ's decision is supported by substantial evidence.)

In cases in which the Appeals Council denies review and the plaintiff seeks a sentence six remand, the Court will not consider evidence submitted to the Appeals Council unless the evidence is new and material, and the plaintiff has good cause for not submitting the evidence to the ALJ. *Cotton v. Sullivan*, 2 F.3d 692, 695-96 (6th Cir. 1993); *Casey v. Sullivan*, 987 F.2d 1230, 1233 (6th Cir. 1993). Evidence is material only if there is a "reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore v. Sec'y of Health & Human*

5

*Servs.*, 865 F.2d 709, 711-12 (6th Cir. 1988). Further, remand is not required when evidence obtained after the ALJ denial was largely cumulative of evidence in the administrative record. *Longworth v. Comm'r*, 402 F.3d 591, 598 (6th Cir. 2005).

Good cause is defined in the case law as a series of negative examples. In *Willis v. Secretary of Health and Human Services*, 727 F.2d 551 (6th Cir. 1984), failure to obtain a psychiatric evaluation until after receiving an adverse decision from the ALJ did not constitute good cause for failure to submit evidence of a psychiatric impairment to the ALJ. Similarly, in *Oliver v. Secretary of Health and Human Services*, 804 F.2d 964 (6th Cir. 1986), the plaintiff did not establish good cause for failing to submit evidence during the administrative proceedings merely by showing that additional tests had not been performed until after completion of the administrative proceedings; the plaintiff was required to show good cause for not having the tests performed earlier. *See also Foster v. Halter*, 279 F.3d 348, 357-58 (6th Cir. 2002) (ALJ's denial of a request for additional testing did not establish good cause for plaintiff's failure to obtain evidence until after ALJ's decision); *Cline v. Shalala*, 96 F.3d 146, 148-49 (6th Cir. 1996) (good cause not established where plaintiff did not undergo additional evaluation until after the hearing and report was not prepared until after the decision issued). *And see Wilson v. Sec'y of Health & Human Servs.*, 733 F.2d 1181, 1182-83 (6th Cir. 1984) (good cause *is* established when the plaintiff did not seek treatment for persistent pain until five months after the hearing, then

6

continued his treatment for five additional months, so that the medical records at issue in his case were *de facto* unavailable at the time of the hearing).

In sum, it is apparent that "good cause" has a practical meaning. A plaintiff must present a reasonable explanation for failing to provide the additional evidence in a timely manner during the course of the administrative proceedings. Simply receiving an unfavorable decision and then undergoing more testing or submitting supplemental or cumulative medical evidence, without more, does not constitute good cause under the relevant case law.

**B. Analysis**

The sentence six analysis has two parts. The Court must consider (1) whether the evidence at issue is new and material, and (2) whether there was good cause for the plaintiff's failure to present this evidence at the administrative hearing. *See Cotton* at 695-96. The plaintiff does not make any of the relevant arguments in her motion, and in fact, she seeks a remand under sentence four, and not sentence six, "to further judicial economy."[9] The plaintiff does request a sentence six remand in her complaint, stating that

---

[9]The standard under sentence four demands much more than a conclusory statement that a remand would further judicial economy. Under the rationale suggested by the plaintiff, dismissal of any and all claims would "further judicial economy" by sparing the lawyers and judges involved the work and worry of preparing and considering claims.

7

continued his treatment for five additional months, so that the medical records at issue in his case were *de facto* unavailable at the time of the hearing).

In sum, it is apparent that "good cause" has a practical meaning. A plaintiff must present a reasonable explanation for failing to provide the additional evidence in a timely manner during the course of the administrative proceedings. Simply receiving an unfavorable decision and then undergoing more testing or submitting supplemental or cumulative medical evidence, without more, does not constitute good cause under the relevant case law.

**B. Analysis**

The sentence six analysis has two parts. The Court must consider (1) whether the evidence at issue is new and material, and (2) whether there was good cause for the plaintiff's failure to present this evidence at the administrative hearing. *See Cotton* at 695-96. The plaintiff does not make any of the relevant arguments in her motion, and in fact, she seeks a remand under sentence four, and not sentence six, "to further judicial economy."[9] The plaintiff does request a sentence six remand in her complaint, stating that

---

[9]The standard under sentence four demands much more than a conclusory statement that a remand would further judicial economy. Under the rationale suggested by the plaintiff, dismissal of any and all claims would "further judicial economy" by sparing the lawyers and judges involved the work and worry of preparing and considering claims.

7

the deposition of Dr. Colburn is new and material and that "there is a reasonable probability that [the ALJ] would have reached a different conclusion" if he had considered the evidence, and that good cause existed for the late presentation of this evidence because her counsel did not obtain physical restriction limitations from her treating sources. *See* Docket Entry No. 1.

### 1. The evidence is not new and material.

Under part one of the sentence six standard, the plaintiff must show that the late evidence is new and material. The deposition of Dr. Colburn is in form, if not content, "new," from the standpoint that it did not exist at the time of the hearing, because it was not taken until after the unfavorable hearing decision. However, the plaintiff must also demonstrate materiality by showing that there is a reasonable probability that her claim would not have been denied if the ALJ had considered the evidence in question, which may not be merely cumulative in nature. *See Sizemore* at 711-12, and *Longworth* at 598.

Dr. Colburn's deposition testimony is largely cumulative, consisting of his review of various medical records (his own and those of other doctors), and he opined that the plaintiff's condition would be disabling *in the future*. (Tr. 324.) A prediction of future disability would not and could not have influenced the ALJ's decision such that her claim would have been decided differently had this information been considered in the first

8

instance. Though the ALJ must consider the objective medical evidence of record, and must give weight to the medical opinions of treating sources where warranted, the ultimate decision as to disability rests with the ALJ. *See Walker v. Sec'y of Health & Human Servs.*, 980 F.2d 1066, 1070 (6th Cir. 1992). Dr. Colburn's deposition consists largely of his interpretation of previous medical evidence already contained in the record and previously considered by the ALJ. The ALJ's decision reflects his consideration of the records and opinions of Dr. Colburn and others in reaching his decision. (Tr. 14-25.) Further, the ALJ need not, and indeed, *cannot* accept a physician's decision or even prediction as to the issue of "disability" for purposes of the Social Security Act, because a doctor's opinion on disability is not necessarily consistent with a determination of disability under the Act.

Therefore, this is not the type of new, material evidence that merits a sentence six remand. The plaintiff may choose to attack the validity of the ALJ's disability determination, the adequacy of his consideration of the medical records and opinions of her treating sources; she may argue that her disabilities meet the requirements of a listed impairment, or she may raise any number of other claims addressing the adequacy of the ALJ's decision. However, the vehicle for such arguments is a motion for judgment on the record, and not a motion for remand under sentence six.

9

**2. The plaintiff has failed to demonstrate good cause.**

Even assuming, *arguendo*, that the plaintiff does establish that Dr. Colburn's deposition is material, she does not show good cause for failing to submit it prior to the ALJ's decision.[10] The plaintiff avers that her counsel did not take Dr. Colburn's deposition earlier because she did not obtain physical restriction limitations from treating sources. Many examples in the record indicate that this is simply not true. In addition, Dr. Colburn testified in his deposition that he had not seen the plaintiff since November 7, 2005. (Tr. 330.) Depositions do not provide objective medical evidence, but at best, may summarize or further explain medical records and findings.[11] The plaintiff could have obtained a deposition at any time prior to the hearing and conclusion of the administrative proceedings in this case. The mere failure to obtain additional tests or undergo additional evaluation until after an unfavorable decision does not establish good cause. *See, e.g., Willis, supra*. The failure to depose a physician who has been treating the plaintiff for over thirteen years until after an unfavorable decision certainly does not rise to the requisite level of establishing good cause under the statute and controlling precedent.

---

[10]Similarly, the plaintiff has failed to establish good cause explaining the late submission of the other evidence referenced in this case. *See supra* n. 2-6.

[11]There is also a question as to whether the opinion of a general practitioner such as Dr. Colburn, commenting upon and interpreting records and results submitted by specialists, should be accorded much, if any, deference.

10

Case 2:06-cv-00065   Document 20   Filed 09/26/07   Page 10 of 12 PageID #: 56

## III. CONCLUSION

The plaintiff has filed a motion for remand under sentence four. To establish that remand is appropriate under sentence four, the plaintiff must identify some defect in the merits of the administrative decision. The plaintiff's motion fails under sentence four. Even assuming, as the Court has, that the motion should be construed as one under sentence six, the plaintiff has established neither that the evidence in question is new and material, nor has she shown good cause for failing to present it earlier. She has failed to carry her burden under sentence six. Therefore, remand at this stage is inappropriate, this motion should be denied. If this Report and Recommendation is accepted, the plaintiff will be provided time to file a motion for judgment on the record.

## **RECOMMENDATION**

For the above stated reasons, it is recommended that the plaintiff's motion for remand (Docket Entry No. 9) be DENIED.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice, and must state with particularity the specific portions of this Report and Recommendation to which the objection is made. Failure to file written objections within the specified time can be deemed a waiver of the

right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

_____
JULIET GRIFFIN
United States Magistrate Judge